**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ROBERT L. WOLFE,**

         **Plaintiff,**                    **Case No. 2:25-cv-00092**

     **v.**                               **District Judge Michael H. Watson
Magistrate Judge Kimberly A. Jolson**

**JUDGE GEORGE P. MCCARTHY,
et al.,**

         **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff Robert L. Wolfe, an Ohio resident proceeding *pro se*, brings this action against Defendants Judge George P. McCarthy, Judge Patrick Lang, Magistrate John Perrin, and Clerk Candy S. Russell. (Doc. 1 at 1). This matter is before the Undersigned on Plaintiff's Motion to Leave to Proceed *in forma pauperis* (Doc. 5) and for an initial screen of Plaintiff's Complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2).

The Undersigned **GRANTS** Plaintiff's Motion for Leave to Proceed *in forma pauperis*. And the Undersigned **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED**.

## I.    BACKGROUND

Two months ago, Plaintiff filed a nearly identical complaint in this Court. *See Wolfe v. Athens County Common Pleas, et al.*, Case No. 2:24-cv-4309 (S.D. Ohio Dec. 27, 2024) (Doc. 1-1). The Undersigned briefly summarizes his allegations again.

Plaintiff is upset about what happened in state court. (*See generally* Doc. 1-1). On February 23, 2023, Plaintiff was served with an *ex parte* civil stalking protection order. (*Id.* at 1; Doc. 1 at 4). A full hearing on that order was scheduled for February 28, 2023, in the Athens

County Court of Common Pleas. (Doc. 1 at 4). Plaintiff appeared for the hearing but asked Defendant Judge McCarthy for a continuance. (Doc. 1-1 at 2). Defendant Judge McCarthy granted his request, but the full hearing never happened. (*Id.*; Doc. 1 at 4). Instead, Defendant Judge Lang decided the matter without a hearing and issued a final civil protection order. (Doc. 1-1 at 1–2, 4). Because of that order, Plaintiff's firearms were confiscated. (Doc. 1 at 5).

Like in his previous complaint, Plaintiff brings claims under 42 U.S.C. § 1983 for violations of his constitutional rights under the Second and Fourteenth Amendments. (*Id.* at 3). As relief, Plaintiff seeks an injunction ordering the Athens County Court of Common Pleas to vacate the protection order and return his firearms, and Plaintiff wants "punitive damages." (*Id.* at 5).

## II.     STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Complaints by *pro se* litigants are to be construed liberally and held to less stringent standards than those prepared by attorneys. *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004). Nonetheless, "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

These essentials are not burdensome. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and providing "the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1), (2); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (requiring a complaint to provide enough facts to give the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests" (internal quotation

omitted)).  At this stage, the Court must construe Plaintiff's Complaint in his favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  Consequently, this means a complaint with only "labels and conclusions" cannot survive the pleadings.  *Id.* at 662 (internal quotation and quotation marks removed).

## III.   DISCUSSION

As mentioned, Plaintiff's Complaint is largely duplicative of a previously dismissed complaint. *See Wolfe*, Case No. 2:24-cv-4309 (S.D. Ohio Dec. 27, 2024) (Doc. 1).  The Court dismissed that case because of pleading deficiencies, immunity defenses, and jurisdictional defects. *Wolfe v. Athens Cnty. Ct. of Common Pleas*, No. 2:24-cv-4309, 2025 WL 41899, at *2 (S.D. Ohio Jan. 7, 2025), *report and recommendation adopted*, No. 2:24-cv-4309, 2025 WL 278442 (S.D. Ohio Jan. 23, 2025).  In his new Complaint, Plaintiff tries to fix some of those problems.  (Doc. 1-1 (providing more details about the underlying events and arguing Defendants are not entitled to immunity)).  But just like before, the Court cannot give Plaintiff what he wants.

To start, the Court does not have jurisdiction to grant Plaintiff's request for injunctive relief.  Under the *Rooker-Feldman* doctrine, federal courts are prohibited "from conducting appellate review of final state-court judgments." *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020) (internal quotation omitted) (noting that such jurisdiction lies only with the United States Supreme Court).  The doctrine is implicated "not only when a party attempts to expressly appeal a state court decision to a lower federal court, but also whenever the issues

raised in the federal action implicate the validity of the state court proceedings." *Gentry v. Tenn. Bd. of Jud. Conduct*, No. 3:17-cv-00020, 2017 WL 6462348, at *4 (M.D. Tenn. Sept. 26, 2017) (citing *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2007)).  If the source of the injury alleged in the federal complaint is a state court judgment, *Rooker-Feldman* bars the claim. *VanderKodde*, 951 F.3d at 402.

Here, Plaintiff asks the Court to (1) vacate the civil protection order, and (2) direct Defendants to return his firearms.  (Doc. 1-1 at 5–6; Doc. 1 at 5).  Though he says he does not seek to "retry" his state court case, the source of his injury is the protection order itself.  (Doc. 1-1 at 2); *see also Berry v. Schmitt*, 688 F.3d 290, 299 (6th Cir. 2012) (saying courts must examine the relief requested to determine if *Rooker-Feldman* applies).  To vacate that order, the Court would have to examine and reject Defendant Judge Lang's decision.  *Rooker-Feldman* bars precisely that type of review.  *See Johnson v. Ohio Sup. Ct.*, 156 F. App'x 779, 782–83 (6th Cir. 2005) (saying federal courts do not have jurisdiction to review state court judgments or hear lawsuits "that are, in substance, appeals from state court judgments"); *Johnson v. Cuyahoga Cnty. Ct. of Common Pleas Domestic Rels.*, No. 1:18-cv-2521, 2019 WL 969449, at *1 (N.D. Ohio Feb. 28, 2019) (concluding the *Rooker-Feldman* doctrine prevented the court from overturning a state court's civil protection order); *Dunina v. Hein*, No. 3:06-cv-383, 2007 WL 496355, at *4 (S.D. Ohio Feb. 12, 2007) (declining to overturn a state court's domestic relations order under *Rooker-Feldman*).

More still, Defendants enjoy immunity.  Judicial immunity is absolute; it shields judges and other public officers not only from monetary damages but from suit entirely.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *see also Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982) (explaining judicial immunity exists to protect judges "from undue interference with their duties and from potentially disabling threats of liability"); *Foster v. Walsh*, 864 F.2d 416, 417–18 (6th Cir. 1988) (saying court

clerks also "enjoy absolute immunity from suit").  For that reason, "judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial."  *Mireles*, 502 U.S. at 11 (internal citation omitted); *see also Morgan v. Bd. of Pro. Resp. of the Sup. Ct. of Tennessee*, 63 F.4th 510, 518 (6th Cir. 2023) ("[A]ll of a judge's actions taken in an official judicial capacity are immune from suit.").  Instead, it is overcome only if the judge acted outside of her judicial capacity or beyond her jurisdiction.  *Mireles*, 502 U.S. at 11–12.

Clearly, Plaintiff challenges actions Defendants took as judges and state court officers. (Doc. 1-1 at 2–4 (discussing Defendants' issuance of protection orders, preparation of court forms, and failure to hold a hearing)); *see Mackey v. Berryman*, No. 17-cv-12359, 2019 WL 197000, at *5 (E.D. Mich. Jan. 15, 2019) (saying the issuance of a protection order is "a classically judicial function").  Plaintiff tries to claim that Defendants are not immune because their conduct resulted in a "sham process."  (Doc. 1 at 4; *see also* Doc. 1-1 at 1–2 (saying the Defendants' conduct showed there was "skullduggery afoot")).  At most, these are allegations of bad faith, malice, or bias.  They do not suggest Defendants acted without jurisdiction, and they are nowhere near enough to overcome judicial immunity. *See Mireles*, 502 U.S. at 11–12; *Hughes v. Duncan*, 636 F.Supp.3d 879, 889–90 (M.D. Tenn. Oct. 20, 2022) ("[J]udicial immunity forecloses [a plaintiff's] claim based on a judge's alleged failure to hold a hearing." (internal quotations and quotation marks omitted)); *Huffer v. Bogen*, 503 F.App'x 455, 461 (6th Cir. 2012) (finding a court clerk who implemented a domestic violence order as a judge instructed was protected by judicial immunity).

Therefore, the Undersigned **RECOMMENDS** that Plaintiff's Complaint (Doc. 1-1) be **DISMSSED**.  The Undersigned also **WARNS** Plaintiff that if he files duplicative lawsuits in the future, the Court may place filing restrictions upon him. *See Feathers v. Chevron U.S.A., Inc.*, 141

F.3d 264, 269 (6th Cir. 1998) (noting courts can impose prefiling restrictions "in matters with a history of repetitive or vexatious litigation").

## IV.  CONCLUSION

The Undersigned **GRANTS** Plaintiff's Motion for Leave to Proceed *in forma pauperis*. (Doc. 5).  And the Undersigned **RECOMMENDS** that his Complaint (Doc. 1-1) be **DISMISSED**. IT IS SO ORDERED.


Date: March 3, 2025                           /s/Kimberly A. Jolson
                                              KIMBERLY A. JOLSON
                                              UNITED STATES MAGISTRATE JUDGE


### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).